## TOWLE *v.* BERRY.

Where there is a resulting trust in favor of the husband, in his life time, and he afterward dies without issue, under our statutes regulating descents the widow takes one undivided half of the land, and also has the homestead rights and dower in the other half, with the reversion to the heirs at law of the husband.

THIS is a bill in equity, filed in this court April 24, 1863, wherein Sarah Towle, as widow of Darius Towle, late of Hampton, in this county, deceased, complains against William T. Towle, Edward S. Towle, and Joseph S. Towle, all of Boston, in the county of Suffolk and commonwealth of Massachusetts, minors, and children of Archibald E. Towle, late of said Boston, deceased, and Nehemiah C. Berry, of said Boston, counsellor at law, as guardian of said minors, and says, among other things, that in the year 1843 Archibald E. Towle had in his hands and possession $170, belonging to the said Darius Towle, and that it was agreed by and between the said Archibald and the said Darius that the said Archibald should purchase with said money a certain tract of land, situated in said Hampton, and cause to be built thereon a small dwelling-house; that the said Darius should furnish part of the materials for building said

house, the said Archibald contributing the labor and other materials necessary to complete said house; and that said Darius and his wife Sarah should severally have and enjoy during their natural lives the free use of said premises; that said Archibald should take a conveyance of said land in his own name, and hold it subject to said agreement; and that said Archibald did purchase of one Jonathan Philbrick said tract of land, a particular description of which is given in the deed from said Philbrick to said Archibald, dated November 18, 1843, and recorded in Rockingham records, and caused to be built thereon a small dwelling-house; and that said Darius did furnish the greater part of the materials of which the house was built, and that said Archibald did furnish the labor and other materials necessary to complete it, and took a conveyance to himself of said land; that said Darius and his wife Sarah did enter upon said premises, and continue to live thereon, in the free use thereof, until the decease of said Darius Towle in 1862, the said Archibald having also deceased in 1859; that afterward, the said Sarah continuing in possession of said premises, on the twenty-eighth day of March, 1863, the said minors, by their guardian, the said Berry, brought their action against the said Sarah, before a justice of the peace, to recover possession of said premises, which action was entered and judgment was recovered against the plaintiff for possession of the said premises; whereupon the said Sarah prays that the said guardian and said minors may be ordered and adjudged to make a specific performance of said agreement, and that said guardian and said minors may be restrained by the order and injunction of this court from proceeding to eject the said Sarah Towle from said premises, and from selling said house and land, and to make conveyance of said premises to the plaintiff, or to such person or persons as to this court shall seem just.

This bill being presented to Chief Justice Bell on the 29th day of April, 1863, a hearing was ordered to be had before him, at his chambers in Exeter, on the fourth day of May, 1863, at seven o'clock p. m.; and one service of the bill was made on the guardian, the said Berry, and a temporary injunction was ordered, agreeably to the prayer of the bill. Subsequently, on the second day of June, 1863, the said Berry, as guardian aforesaid, and in behalf of the minors aforesaid, filed his answer to said bill, admitting himself as guardian, as stated in said bill, and that he brought his action to recover possession under the landlord and tenant act, in force in this State, of said land, and did recover judgment before David Morton, Esq., for possession of said premises; also alleging that the plaintiff did appear by her attorney in said suit, and filed her plea, claiming soil and freehold in said premises; and that she was thereupon ordered by said justice to recognize to remove and enter her said action to the supreme judicial court, in this county, which order she, the said Sarah, neglected and refused to comply with, and in default thereof said judgment was entered against her, and execution was issued, by virtue and force of which she was removed from the same premises, and the defendant and his wards put into

possession thereof before the injunction in this case was served upon your respondent, or heard of by him. And the defendant says he is informed, and believes, that said real estate belongs to his wards, and that the complainant has no title or interest therein; that said Archibald purchased said land with his own money, and assisted his brother Darius to erect a small dwelling-house thereon, to furnish said Darius with a home for life, he being sickly and in indigent circumstances; and that neither said Darius or his wife ever acquired any legal or equitable title to said premises, other than that of tenants at will. The answer admits that said Darius and wife did reside on said premises from 1843 to the time of his death, free from any claim of rent, being only subject to the payment of taxes, but that they occupied the same through the benevolence of the said Archibald, and not because they were entitled to the same; and that he is ignorant of any contract or agreement, oral or written, between said Archibald and Darius, by virtue of which the complainant has any legal or equitable title, claim, or interest in said premises. The respondent prays that the injunction be dissolved, and that the bill be dismissed.

*T. Leavitt*, for the plaintiff, referred to *Tilton* v. *Tilton*, 9 N. H. 385; *Newton* v. *Swazey*, 8 N. H. 9; *Savings Ins.* v. *Scuyler*, 8 Gill. & J. 94.

*N. C. Berry*, for the defendants, referred to Comp. Stat., ch. 136, sec. 13; *Moore* v. *Moore*, 38 N. H. 382; Story's Eq., sec. 757; *Graves* v. *Graves*, 29 N. H. 142; 4 Kent Com. 305 and 43; *Hopkinton* v. *Dumas*, 42 N. H. 296.

NESMITH, J. We think the facts, as proved and admitted in this case, show with sufficient clearness the existence of a resulting trust enuring to the benefit of the husband, Darius Towle. The premises being shown to have been purchased with the husband's money, therefore the trust can not enure to the benefit of the wife. *Scoby* v. *Blanchard*, 3 N. H. 170; *Page* v. *Page*, 8 N. H. 187.

The estate having vested in said Darius, he being shown to have died without issue, under our statute regulating the descent of real estate the widow of said Darius inherits one undivided half of said premises in her own right forever. The other undivided half is subject to the application of the statute law regulating the homestead exemption, and the right of dower in behalf of the widow of said Darius, the reversion to enure to the legal heirs of Darius.

The plaintiff may have leave to amend her bill, to conform to the principles of this decision.

The bill having been duly amended, the court made a decree appointing a committee, with full power to set off and assign to Sarah Towle her distributive share in said premises mentioned, being one half of the same, in fee forever; secondly, her homestead rights in the other half of said premises, agreeably to the statute in such cases made and provided: Ordered that said committee cause the

parties in interest to be duly notified of the time and place assigned by them to execute their said trust, and make due report of their doings to this court at their next law term in this district, and the court also decreed that the said minors and their said guardian be enjoined from enforcing the judgment obtained before the justice of the peace against the complainant.